UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-01370-JPH-TAB |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Christopher Taylor is a prisoner at Heritage Trail Correctional Facility. He brings this habeas petition challenging a prison disciplinary conviction for possession of a controlled substance under prison case no. STP 21-01-0025. For the reasons explained below, the petition is **DENIED**.

**I. LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. BACKGROUND

Prison officials observed Mr. Taylor handing an object to fellow prisoner Elijah Cook. Dkt. 7-1, p. 1 (report of conduct). During a strip search of Mr. Cook shortly thereafter, Investigator R. Patton found a strip of orange paper that he recognized through his experience as a correctional officer to be Suboxone. *Id.* Mr. Taylor admitted in an interview with an investigator that he handed the Suboxone to Mr. Cook. *Id.* Prison officials also observed surveillance video of Mr. Taylor putting something in Mr. Cook's hand as he walked by. *Id.* at 2 (surveillance video still frame).

Mr. Taylor was charged with possession of a controlled substance in violation of prison code A-202. Dkt. 7-1. He was notified of this charge and asked to call prisoners Kyle Dersch and Daniel Holzer as witnesses. Dkt. 7-3. He did not ask to present other evidence. *Id.* Mr. Taylor told the screening officer "I never handed him anything. I was shaking his hand." *Id.*

Mr. Holzer provided the following witness statement: "I did see Mr. Taylor shake his hand. I did not see him pass anything." Dkt. 7-10. Mr. Dersch refused to provide a statement. Dkt. 7-9.

The disciplinary hearing officer found Mr. Taylor guilty and imposed a loss of earned credit time and a demotion in credit-earning class. Dkt. 7-8. The hearing officer made the following findings: "The staff report is clear that the offender was in possession of a controlled substance and the photo of the

substance is attached. Furthermore, photo from the camera shows that the offender was handing over an item and not conducting a handshake." *Id.*

Mr. Taylor's administrative appeals were denied. Dkts. 7-11, 7-12. He then filed this habeas petition pursuant to 28 U.S.C. § 2254.

### III. DISCUSSION

Mr. Taylor raises one issue for review: whether the evidence was insufficient to support his disciplinary conviction. Dkt. 1, p. 2.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Mr. Taylor argues that the evidence was insufficient because prison officials did not find a controlled substance during a search of his person or during a search of his property box and bed location. Dkt. 1, p. 2.

Mr. Taylor's argument is unpersuasive. Prison officials found Suboxone on Mr. Cook's person during a search. Shortly before this search, Mr. Taylor was seen handing an item to Mr. Cook. Dkt. 7-1, pp. 1-2. In an interview with an investigator, Mr. Taylor admitted to passing Suboxone to Mr. Cook. *Id.* at 1.

3

This is some evidence that Mr. Taylor possessed a controlled substance, and his request for relief on this ground is **DENIED**.

### IV. CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 4/28/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER TAYLOR
232292
Heritage Trail Correctional Facility
727 Moon Road
PLAINFIELD, IN 46168

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov